**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andrea Lee Sanders,  Case No. 19-cv-2744 (NEB/LIB)

    Petitioner,

v.  **REPORT AND RECOMMENDATION**

United States Court of Appeals for The
Eighth Circuit, Judges Loken, Shepherd, and
Grasz,

    Respondent.

    This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Petitioner, Andrea Lee Sanders, Petition for Writ of Habeas Corpus. [Docket No. 1].

    In April 2018, petitioner Andrea Lee Sanders filed a notice of removal seeking to relocate from state court to federal court litigation that he had initiated. See, Sanders v. Hennepin County, No. 18-cv-1138 (D. Minn. 2018). The matter was summarily remanded to state court; as the plaintiff, Sanders was unable to remove the matter to federal court. Moreover, the relief Sanders sought there was not the relocation of litigation, but instead, an appeal from decisions already made in the state court. Id. Sanders appealed the order to remand, but the District Court's judgment was summarily affirmed by the Eighth Circuit Court of Appeals on September 5, 2019.

    Sanders has now filed what he styles as a petition for a writ of habeas corpus against the United States Court of Appeals for the Eighth Circuit and the Judges who comprised the panel which summarily affirmed the District Court's judgment in the previous matter. (See, Petition, [Docket No. 1], at 1). It is not evident to the Court why Sanders chose to style the present matter as a habeas petition. A petition for a writ of habeas corpus is a request for the Court to inquire into

the legality of the petitioner's custody.  Sanders is <u>not</u> in custody, and he seeks monetary damages, not release from detention.  Apart from the label used, Sanders's pleading resembles an ordinary civil complaint rather than a habeas petition.

The use of an incorrect label on a pleading by an unrepresented litigant is generally not an insurmountable problem.  Litigants who are not represented by counsel and are not themselves attorneys "should not unreasonably be subjected to stringent procedural niceties," <u>Papantony v. Hedrick</u>, 215 F.3d 863, 865 (8th Cir. 2000) (per curiam), and, in many circumstances, it is appropriate to construe a pleading labeled as a habeas petition to be a civil complaint (or vice versa), <u>see</u>, <u>Spencer v. Haynes</u>, 774 F.3d 467, 471 (8th Cir. 2014). There are two problems with that approach here, though.

First, the Court's docket indicate that upon filing this action Sanders demanded that this action be treated as a habeas filing, not a civil lawsuit. The Court cannot construe the pleading against the wishes of the pleader. <u>See</u>, <u>Id.</u>

Second, Sanders's claims would be squarely barred by the doctrine of judicial immunity if regarded as civil claims.  It is well established that judges are protected by absolute immunity for their judicial actions.  <u>See, e.g.</u>, <u>Pierson v. Ray</u>, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."); <u>Stump v. Sparkman</u>, 435 U.S. 349, 355 (1978). Sanders's complaint, at bottom, is that the Eighth Circuit wrongfully ruled against him on appeal. But this is a quintessentially judicial function, and therefore, a function for which the judges of the Eighth Circuit are vested with absolute immunity.

In any event, Sanders insists that this is a habeas corpus matter. Accordingly, the Court wil analyze it as such.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States." Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) (emphasis and quotation omitted). Sanders is not in custody and the Eighth Circuit is not Sanders's custodian. Thus, there is no plausible basis upon which Sanders may seek habeas relief against the Eighth Circuit. This Court simply lacks jurisdiction over the habeas petition.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the petition for a writ of habeas corpus of petitioner Andrea Lee Sanders, [Docket No. 1], be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

Dated: December 3, 2019              s/Leo I. Brisbois
                                     Hon. Leo I. Brisbois
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).