# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDREA LEE SANDERS, | Case No. 19-CV-2744 (NEB/LIB) |
| Petitioner, | |
| UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT, JUDGES: LOKEN, SHEPHERD, and GRASZ, | ORDER ON REPORT AND RECOMMENDATION |
| Respondents. | |

The Court has received the December 3, 2019 Report and Recommendation of United States Magistrate Judge Leo I. Brisbois. [ECF No. 2 ("R&R").] The R&R recommends dismissing the petitioner's habeas corpus petition for lack of subject-matter jurisdiction. In response, petitioner Andrea Lee Sanders filed a "Motion to Deny Report and Recommendation." [ECF No. 3.] As far as the Court can tell, the motion does not make any objections to the reasoning in the R&R. Sanders does argue in a cursory fashion that "[i]t is Magistrate Leo I. Brisbois whom has engaged in the abuse of judicial process, making fault misleading statements, displaying bias-discrimination, and ignoring un-rebutted evidence submitted by Appellant containing truth and facts . . . ." [ECF No. 3 at 2 (errors in original).] But Sanders does not identify any alleged errors Judge Brisbois made in assessing his petition. The rest of the motion, even liberally construed, does not allege any specific objections to the R&R.

When a party does not cite any reason why the R&R is incorrect, nor any basis for the Court to reach a different outcome, the Court is not required to conduct a *de novo* review of the

Magistrate Judge's recommendations. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (requiring *de novo* review only for the portions of the R&R to which objections are made). Sanders's motion does not cite any specific objections to the R&R, so the Court reviews the R&R for clear error. *See Reed v. Curry Concrete Constr., Inc.*, No. 10-CV-4329 (JRT/LIB), 2011 WL 2015217, at *2 (D. Minn. May 23, 2011) (collecting cases); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam) (acknowledging that district courts review R&Rs for clear error absent an objection). The Court finds the reasoning of the R&R to be sound and finds no basis to depart from the recommendations.

One statement made by Sanders merits comment; he argues that Judge Brisbois should not have issued the R&R without the consent of the parties. [ECF No. 3 at 2.] This argument is apparently based on Rule 73 of the Federal Rules of Civil Procedure, which allows parties to consent to United States Magistrate Judges issuing binding orders or conducting trials. That is not what happened here. Judge Brisbois issued a proposed finding and recommendation (*i.e.*, the R&R) under Local Rule 72.2(b), Rule 72(b) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 636(b)(1)(B). Party consent is not relevant to his authority to do so. *See* Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, *without the parties' consent* . . . ." (emphasis added)). Sanders's claim that Judge Brisbois acted impermissibly in issuing the R&R is without merit.

Finding no clear error, and based upon all the files, records, and proceedings in the above-captioned matter,

IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation [ECF No. 2] is ACCEPTED;

2. To the extent that the petitioner's Motion to Deny Report and Recommendation [ECF No. 3] can be considered an objection to the Report and Recommendation, it is OVERRULED; and

3. This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 6, 2020　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　s/Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　United States District Judge